THE STATE OF OHIO, APPELLEE, *v.* ROBERTS, APPELLANT.

[Cite as State *v.* Roberts (1982), 1 Ohio St. 3d 36.]

(No. 81-1010—Decided July 14, 1982.)

*Mr. Rocky Coss,* prosecuting attorney, for appellee.
*Mr. Thomas R. McGuire,* for appellant.

KRUPANSKY, J. The first issue to be decided is whether the doctrine announced in *State* v. *Perry* (1967), 10 Ohio St. 2d 175 [39 O.O. 2d 189], precludes this court from reviewing any or all of the issues being asserted by the petitioner in this postconviction proceeding.

Ohio's postconviction relief statute, R.C. 2953.21, provides in part:

"(A) Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief."

In construing this statute, this court stated in paragraphs four, seven and nine of the *Perry* syllabus, *supra:*

"4. A prisoner is entitled to postconviction relief under Section 2953.21 *et seq.,* Revised Code, only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.

"* * *

"7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 *et seq.,* Revised Code, where they have already been or *could have been fully litigated* by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.

"* * *

"9. Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial* which resulted in that judgment of conviction, *or on an appeal from that judgment.*" (Emphasis *sic.*)

The petitioner asserts the unique factual posture of the instant action renders *Perry* inapplicable to the present case since the issues attempted to be raised herein did not come into existence until the Court of Appeals rendered its judgment. Therefore, there was no *opportunity* to have these constitutional issues fully litigated. We disagree.

As stated above, after the modification of the trial court's judgment by the Court of Appeals the petitioner filed a motion to certify the record in this court which was overruled on April 26, 1979. The *constitutional issues* petitioner is presently attempting to assert *could have been set forth in this prior*

*motion,* but were not. The Supreme Court has appellate jurisdiction *as a matter of right* in cases from the courts of appeals which involve questions arising under the Constitution of the United States or of this state. Section 2, Article IV, Ohio Constitution. The fact remains, however, petitioner *did not* include these issues, which she *could have raised in her original appeal* to this court *which appeal could have been taken as a matter of right.* Whether this omission was a conscious, tactical decision or a mere oversight is immaterial, for *Perry* unambiguously precludes this court from entertaining these issues now since they *could have been raised on appeal.*

The propriety of our conclusion is emphasized when one considers the consequences which would flow from allowing petitioners to assert issues which have not been presented at the earliest possible opportunity. Defendants would be encouraged to deliberately refrain from advancing constitutional issues on an original appeal to this court in the hope that their claims would ultimately be allowed on postconviction relief.

Assume *arguendo,* that a defendant is presented with the option of having his case resolved on the merits in an appeal to this court, however, he fails to raise relevant constitutional issues in his motion to certify the record and the motion is overruled. Were a court to later grant this defendant postconviction relief based on these previously unasserted constitutional issues, the defendant's conviction could be overturned despite the fact that a determination on the merits might reveal the appropriateness of his conviction. Simply stated, allowing a defendant to litigate constitutional issues in a postconviction proceeding, when these issues could have been raised on an original appeal but were not, relegates courts to disposing of the action on technicalities or collateral issues, as opposed to the merits. Essentially, such a system would grant defendants the option of by-passing the original appeal, thus denying this court the occasion of making a fair and impartial determination of the propriety of the trial court's verdict of guilty. Furthermore, such a ruling would forever deny the state an opportunity to argue on original appeal that the trial court's judgment entered on the jury verdict should be upheld. Clearly, this court can not permit parties to so manipulate their course through the judicial system.

Therefore, as explained by this court in *Perry, supra,* the petitioner is precluded by the doctrine of *res judicata* from asserting constitutional issues in this postconviction proceeding since she failed to raise these issues at the earliest possible time, *i.e.,* in a motion to certify the record previously filed in this court.

In view of our disposition of the above issue, petitioner's remaining assertions have been rendered moot and need not be addressed herein. Accordingly, the judgment of the Court of Appeals, affirming a judgment of the common pleas court denying petitioner postconviction relief, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES and C. BROWN, JJ., concur.

LOCHER, J., concurs in the judgment.