802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joyce ROBERTS, Petitioner-Appellant,
v.
Hugh ROGERS, Sheriff of Highland County, Ohio, and Judge
Darrel R. Hottle, Highland County Court of Common
Pleas, Respondents-Appellees.
 No. 85-3816.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1986.
 
 Before KENNEDY, WELLFORD, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 On May 16,1977, two Greenfield, Ohio policemen went to the home of the Petitioner, Joyce Roberts, and attempted to arrest her sister in connection with a forgery charge, but Roberts refused entry to her home. The policemen left and returned with the chief of police, but Roberts again refused entry. The policemen eventually apprehended Roberts's sister as she attempted to escape from the back of the house. The policemen then arrested Roberts and charged her with obstructing justice by harboring a fugitive, in violation of Ohio Rev. Code Ann. Sec. 2921.32(A)(1). In addition, she was later charged with resisting her own arrest, in violation of Ohio Rev. Code Ann. Sec. 2921.33. A jury found Roberts not guilty on the charge of resisting arrest; however, in a subsequent jury trial, she was found guilty of obstructing justice by harboring a fugitive. Roberts appealed her conviction to the Ohio Court of Appeals, which overturned her conviction for obstructing justice.[1] However, the appellate court also found that the trial record supported a conviction of Robert; on the lesser included offense of either resisting her own arrest or resisting the arrest of her sister, and the court entered a judgment of conviction for resisting arrest, pursuant to Ohio Rev. Code Ann. Sec. 2921.33. Both Roberts and the State then moved for leave to appeal to the Ohio Supreme Court, but the court denied the motions.[2]
 
 
 2
 On remand to the trial court, Roberts was sentenced to 90 days in jail and was fined $750. Roberts then filed a petition for post-conviction relief in the Ohio state courts, alleging violations of her rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The trial court dismissed her petition and the court of appeals affirmed. The Supreme Court of Ohio granted Roberts's motion for leave to appeal, but affirmed the dismissal of her petition, concluding that the doctrine of res judicata precluded consideration of constitutional issues she could have raised, but did not, during her initial trial or appeals. State v. Roberts, 1 Ohio St. 3d 36, 38-39 (1982).
 
 
 3
 Roberts later filed in federal district court a petition for a writ of habeas corpus, again alleging that her constitutional rights under the Fifth, Sixth, and Fourteenth Amendments had been violated. The district court referred the matter to a magistrate, who recommended that the petition be dismissed. The magistrate relied primarily on Wainwright v. Sykes, 433 U.S. 72 (1977), in which the Supreme Court held that, absent a showing of "cause" or "prejudice", constitutional claims must be raised during the original trial or on appeal from the original trial, when so required bv state law. Id. at 89-91. See also, Engle v. Isaac, 456 U.S. 107 (1992); Reed v. Ross, 468 U.S. 1-7 (1984). The district court adopted the magistrate's report and recommendations and issued an order denying Roberts's petition for a writ of habeas corpus. Roberts now appeals from that order.
 
 
 4
 We agree with the magistrate that Wainwright and its progeny required Roberts to raise any constitutional issues and claims either during her initial trial or during the direct appeal from that trial, unless she shows good cause for failing to do so, Roberts failed to raise any of the constitutional objections that she raises here, and she has shown no cause for that failure. We are therefore precluded from entertaining the untimely objections she raises in her petition for a writ of habeas corpus. Accordingly, we adopt the reasoning set forth in the magistrate's report and recommendation, and AFFIRM the order of the district court.
 
 
 
 [1]
 An essential element of the crime of harboring a fugitive is the underlying guilt of the fugitive. Roberts's sister was never indicted on the forgery charge, and was therefore never adjudged guilty. Thus, as the appellate court noted, Roberts could not have been convicted of harboring a fugitive. Ohio Rev. Cod Ann. Sec. 2921.32
 
 
 [2]
 Both Roberts and the State argued in their briefs to the Ohio Supreme Court that resisting arrest is not a lesser included offense in a charge of obstructing justice. Jt.App. pps. 27-29, 37