The STATE of Ohio, Appellee,

v.

BOLDS, Appellant.

[Cite as *State v. Bolds* (1994), 96 Ohio App.3d 483.]

Court of Appeals of Ohio,
Summit County.

No. 16750.

Decided Aug. 24, 1994.

*Lynn Slaby,* Summit County Prosecuting Attorney, and *William Wellemeyer,* for appellee.

*Querone Bolds, pro se.*

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of Querone Bolds from the order of the Summit County Court of Common Pleas, denying his motion to vacate his plea of guilty to a charge of "loitering in a drug area."

Appellant was indicted in 1993 on one count of aggravated drug trafficking, R.C. 2925.03(A)(1), a third degree felony, with specification for prior crime of violence, R.C. 2941.143. Prior to trial, appellant was offered a plea arrangement whereby the drug trafficking charge would be dismissed, and he would be released from incarceration, if he pleaded guilty to the misdemeanor of loitering in a drug area in violation of Akron Codified Ordinance 138.26 (the "Ordinance"). On March 22, 1993, after discussing the plea arrangement with his lawyer, appellant pleaded guilty to the loitering charge. No appeal of the judgment was taken.

On September 22, 1993, in *Akron v. Rowland* (1993), 67 Ohio St.3d 374, 618 N.E.2d 138, the Supreme Court of Ohio found the Ordinance to be unconstitutional. The court did not indicate whether its decision was to be retroactively applied.

On November 15, 1993, appellant sought postconviction relief in the Summit County Court of Common Pleas, pursuant to R.C. 2953.21. The trial court denied relief, finding that there was nothing in the *Rowland* decision that required that it be applied retroactively.

R.C. 2953.21(A) provides:

"Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *"

Not all claims for postconviction relief may be heard, however. Constitutional issues cannot be considered in postconviction proceedings where they have already been, or could have been, fully litigated by a defendant while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph seven of the syllabus.

"Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis *sic.*) *Id.,* paragraph nine of the syllabus.

Whether a failure to raise a constitutional issue at trial or upon direct appeal is a conscious, tactical decision or an oversight is immaterial. *State v. Roberts* (1982), 1 Ohio St.3d 36, 39, 1 OBR 71, 73, 437 N.E.2d 598, 600. Where a defendant fails to raise questions about the constitutionality of a statute or ordinance, and such questions are subsequently decided in a case brought by another individual, the defendant is barred by the doctrine of *res judicata* from raising such questions in a postconviction proceeding. *State v. Duling* (1970), 21 Ohio St.2d 13, 16–17, 50 O.O.2d 40, 41–42, 254 N.E.2d 670, 672–673.

In entering his guilty plea, appellant executed a statement indicating that he was entering his plea "voluntarily, knowingly and of my own free will and accord," that his attorney had explained the plea to him and answered his questions, and that he was satisfied with his attorney. There is no indication anywhere in the record that appellant objected to the constitutionality of the Ordinance. Moreover, there are no allegations in appellant's petition that would justify an inference that the issue of lack of due process could not have been raised at trial or upon appeal. See *State v. Perry,* 10 Ohio St.2d at 182, 39 O.O.2d at 193, 226 N.E.2d at 109.

Accordingly, we affirm the trial court's decision to deny postconviction relief and hold that such relief is barred by the doctrine of *res judicata.*

*Judgment affirmed.*

Cook and Dickinson, JJ., concur.