DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Rifat Abuhilwa presents two appeals from the Summit County Court of Common Pleas, appealing the denial of his two petitions for postconviction relief. We affirm.
 I.
Appellant was indicted by the Summit County Grand Jury on June 2, 1993, on seven counts related to a murder and robbery at Mike's Drive-Thru. The indictment included one count of aggravated murder with a death penalty specification. As part of a plea bargain, appellant pleaded guilty to one count of aggravated murder, two counts of aggravated robbery, and one count of carrying a concealed weapon, with a firearm specification accompanying each count, in the Summit County Court of Common Pleas on October 12, 1993. The trial court sentenced appellant on November 23, 1993. The court imposed a sentence of life imprisonment on the murder count, to run concurrently with the sentences on the other three counts. The court imposed the required three-year sentences on the firearm specifications, to be served consecutive to the life term.
Appellant appealed his convictions to this court. He was appointed counsel for purposes of the appeal, but he discharged the attorney. Appellant moved to "strike" the attorney from the appeal and to be allowed to proceed pro se. The attorney also requested that she be permitted to withdraw. This court granted both motions and allowed appellant to prosecute his appeal pro se. We affirmed the trial court. State v. Abuhilwa (Mar. 29, 1995), Summit App. No. 16787, unreported. Appellant appealed to the Ohio Supreme Court, but his appeal was not allowed. State v. Abuhilwa
(1995), 73 Ohio St.3d 1410.
Appellant filed a petition for postconviction relief under R.C. 2953.21 in the Summit County Court of Common Pleas on November 1, 1995. Appellant alleged error stemming from ineffective assistance of counsel and from conduct on the part of the trial court. The state responded in opposition. The trial court denied appellant's petition on March 7, 1997. Appellant then appealed to this court under Court of Appeals Case No. 18444 on April 2, 1997.
On April 30, 1997, while Case No. 18444 was still pending in this court, appellant filed a second petition for postconviction relief under R.C. 2953.21 in the Summit County Court of Common Pleas. He alleged errors by the trial court in the original criminal case, including a faulty colloquy under Crim.R. 11. The trial court denied this second petition on June 23, 1997. Appellant appealed that order under Court of Appeals Case No. 18620 on July 11, 1997.
We consolidated these cases by journal entry dated October 15, 1997. We turn to consider the two cases individually.
 II. A.
In Case No. 18444, appellant asserts two assignments of error. The first argues that the trial court improperly denied his petition on grounds of res judicata. We disagree.
In State v. Perry (1967), 10 Ohio St.2d 175, the Ohio Supreme Court addressed the use of the res judicata doctrine in proceedings on petitions for postconviction relief. Applying that doctrine was held to be appropriate. Id. at paragraph eight of the syllabus. The court further held:
 7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.
* * *
 9. Under the doctrine of res judicata, the final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id. at paragraphs seven and nine of the syllabus. (Emphasis omitted.) Furthermore, if a defendant is represented by different counsel on appeal, res judicata bars any claim of ineffective assistance of trial counsel that could be determined without resorting to evidence outside the record. State v. Cole (1982),2 Ohio St.3d 112, syllabus.
Appellant argues that his claims cannot be barred by resjudicata. He contends that because he prosecuted his appeal without the aid of counsel, and the Perry syllabi do not apply topro se appeals, he is not barred from reasserting any matters that were or could have been raised on direct appeal.[1]
We find appellant's argument without merit. In the course of his direct appeal, this court appointed appellate counsel for appellant. Appellant then discharged his court-appointed attorney and demanded that the attorney's name be stricken from the appeal. The attorney who was appointed indicated that appellant did not wish to be represented by court-appointed counsel and moved to withdraw. In the documents that he filed with this court, beginning with the notice of appeal, appellant stated no less than six times that he did not want court-appointed counsel. Appellant stated in his notice of appeal to the Ohio Supreme Court: "Should a merit brief be required, the appellant shall perfect [the appeal], in pro se, I DO HEREBY WAIVE APPOINTMENT OF COUNSEL under S.Ct.Prac.Rule(s) III. § 6. and Rule II. § 2(D)(2)."[2] In short, appellant strenuously demanded that he be allowed to represent himself on direct appeal, and that request was granted by this court. Appellant now brazenly argues to this court that his claims should be spared from the effect of the res judicata
doctrine because he was not represented by counsel on directappeal.
We reject appellant's argument. We hold that appellant did knowingly and intelligently waive his right to appointed appellate counsel under Catlino. The facts of the case at bar require that the doctrine of res judicata be applied. This court will not countenance such "sandbagging" by criminal defendants. See Statev. Roberts (1982), 1 Ohio St.3d 36, 39. See, also, Wainwright v.Sykes (1977), 433 U.S. 72, 89, 53 L.Ed.2d 594, 609.
Appellant had a full and fair opportunity to litigate any and all errors on direct appeal. Appellant's claims in his first petition for postconviction relief mirror those claims actually asserted on direct appeal. The trial court correctly denied appellant's petition for postconviction relief as barred by resjudicata, under Perry and Cole. Appellant's first assignment of error is overruled.
 B.
Appellant asserts in his second assignment of error that the trial court improperly dismissed his petition on res judicata
grounds because he presented evidence outside the record to support his claims. We disagree.
A defendant can in some instances overcome the bar of resjudicata to a petition for postconviction relief by submitting evidence outside (dehors) the record. State v. Combs (1994),100 Ohio App.3d 90, 97. However, the submission of such evidence outside the record does not guarantee the right to postconviction relief. Id. Before a trial court grants a hearing, it must determine that there are substantive grounds for relief. R.C.2953.21(C). See, also, Combs, 100 Ohio App.3d at 97-98.
The "evidence" submitted by appellant does not meet the "substantive grounds for relief" threshold required by R.C.2953.21(C). The affidavits and other evidence submitted add nothing to appellant's previous claims on direct appeal. The trial court did not err. Appellant's second assignment of error is overruled.
 III.
In Case No. 18620, appellant asserts four assignments of error. However, this court does not have to address the assignments of error, because the trial court was barred from entertaining appellant's second petition.
In State v. Mosley (Apr. 9, 1997), Lorain App. No. 96CA006499, unreported, we held that, under R.C. 2953.23(A), as amended in 1995:
 [A] trial court may not entertain a second petition for post-conviction relief unless the defendant shows (1) either (a) that he was unavoidably prevented from discovering the facts upon which his petition was based or (b) that, after his first petition was filed, the United States Supreme Court recognized a new federal or state right that would apply retroactively to him, and unless he shows (2), by clear and convincing evidence, that, but for a constitutional error at trial, he would not have been convicted or, if applicable, he would not have been sentenced to death.
Id. at 3-4. Appellant has not demonstrated that he meets any of the criteria set forth above. Therefore, the trial court was precluded from considering appellant's second petition. Appellant's assignments of error must be overruled.
 IV.
All of appellant's assignments of error are overruled. The judgments of the Summit County Court of Common Pleas in Case Nos. 18444 and 18620 are affirmed.
Judgments affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE
FOR THE COURT
QUILLIN, P. J.
BAIRD, J.
CONCUR
[1] See, also, State v. Catlino (1967), 10 Ohio St.2d 183, paragraphs one and two of the syllabus:
 1. A convicted defendant has a constitutional right to counsel on a direct appeal to the Court of Appeals from his judgment of conviction. (Douglas v. California, 372 U.S. 353, followed.)
 2. In the absence of a judicial determination that a prisoner knowingly and intelligently waived his right to counsel on an appeal to the Court of Appeals from his judgment of conviction, the judgment of the Court of Appeals either dismissing the appeal or affirming the judgment of conviction will not amount to an adjudication of any claims of error that were or could have been raised on that appeal.
[2] At the time that appellant appealed to the supreme court in 1995, these rules stated:
 Section 6. Appointment of Counsel in Felony Cases. If the Supreme Court grants leave to appeal in a discretionary appeal involving a felony and an unrepresented party to the appeal is indigent, the Supreme Court will appoint the Ohio Public Defender or other counsel to represent the indigent party or order the court of appeals to appoint counsel as provided in S.Ct. Prac. R. II, Section 2(D)(2).
S.Ct.Prac.R. III(6).
 In all appeals from a court of appeals, the court of appeals retains jurisdiction to appoint counsel to represent indigent parties before the Supreme Court where a judgment of the court of appeals is being defended by a defendant or upon remand and order of the Supreme Court that counsel be appointed in a particular case.
S.Ct.Prac.R. II(2)(D)(2).