OPINION
Appellant, Mark Wayne Wiles, was convicted of felony murder by a three-judge panel in the Portage County Court of Common Pleas and subsequently sentenced to death. His conviction and sentence have been affirmed on appeal. State v. Wiles (June 3, 1988), Portage App. No 1675, unreported, State v. Wiles (1991), 59 Ohio St.3d 71, 571 N.E.2d 97, cert. denied by Wiles v. Ohio (1992), 506 U.S. 832, 113 S.Ct. 99,121 L.E.2d 59.
On September 20, 1996, appellant filed a petition for post-conviction relief pursuant to R.C. § 2953.21, setting forth twenty-two claims of violations of his constitutional rights during trial and on appeal. Eighty-one days later, on December 10, 1996, the state filed a motion captioned `Motion for Ruling Under R.C. § 2953.21(C) and/or Motion for Summary Judgment Under R.C. § 2953.21(D).' On January 13, 1997, appellant filed a motion to strike the state's motion on the grounds that it was not filed within the time requirement set forth in R.C. § 2953.21(D). On February 18, 1997, the trial court, without an evidentiary hearing, summarily dismissed appellant's petition.
Upon appellant's timely appeal, we reversed and remanded; and ordered the trial court to enter a supplemental judgment containing individualized findings of fact and law as to each of appellant's claims indicating the portions of the record which establish res judicata.State v. Wiles, 126 Ohio App.3d 71, 84-85, 709 N.E.2d 898.
On April 21, 1999, the trial court dismissed appellant's post-conviction petition and entered supplemental findings of fact and conclusions of law as to each of the appellant's claims. From this judgment, appellant filed a timely notice of appeal setting forth the following assignments of error:
 "(1) The trial court erred in considering the state's untimely summary judgment motion without giving appellant an opportunity to respond.
 "(2) The trial court's findings of fact and conclusions of law improperly rely on res judicata and are insufficient as a matter of law as previously held by this court in this case.
 "(3) The trial court erred in considering the summary judgment motion of a conflicted party and denying appellant's request for an in camera inspection of the conflicted prosecutor's file before it was transferred to the special prosecutor.
 "(4) The trial court erred when it denied appellant an evidentiary hearing and discovery on his petition for post-conviction relief, thus violating his rights under the fifth, sixth, eighth, ninth, and fourteenth amendment of the United States constitution and Article I, Section 1, 2, 9, 10, 16, and 20 of the Ohio Constitution.
 "(5) The trial court erred in granting the state's summary judgment motion.
 "(6) The trial court erred in denying the merits of appellant's post-conviction petition.
 "(7) Ohio's post-conviction process is not an adequate corrective process.
 "(8) The cumulative error of appellant's substantive claims merit reversal and remand for proper post-conviction process."
 In his first assignment of error, appellant argues that the trial court incorrectly relied on the state's untimely motion without providing him an opportunity to respond. Review of the record reveals many similarities between the trial court's October 21, 1999 judgment and the state's untimely motions; however, the majority of these similarities are merely statements of appellant's claims for relief. The state's motions did not contain facts outside the record.
While the trial court may have had the benefit of the state's argument, we have no doubt that the state's input was not outcome determinative. State v. McCabe (Sept. 14 1998), Washington App. No. 97-CA32, unreported. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, he argues that the trial court improperly relied on res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. We address the issue ofres judicata in our analysis of each of appellant's twenty claims for relief infra. Appellant's second assignment of error is without merit for reasons hereinafter set forth.
In his third assignment of error, appellant argues that the trial court erred in denying his request for an in camera inspection of the prosecutor's file before it was transferred to the special prosecutor. Upon Prosecutor Vigluicci's assurances that "there are no memorandums, but if you want to review the file in camera, I have no problem with that[,]" the judge denied appellant's request for an in camera inspection.
James Aylward's ("Aylward")[1] employment with the prosecutor's office, while appellant's appeal was in the Supreme Court, created a presumption that he shared information that could have been used against appellant in the post-conviction relief proceedings. Wiles,59 Ohio St.3d 71 at 83. However, the special prosecutor was appointed at the stage in the process when the parties were awaiting the trial court's determination of whether the petition, filed in 1996, presented substantive grounds for relief. The record is silent as to any indication that the special prosecutor received or used any improperly shared information. The special prosecutor did not file any motions in the trial court and appellate briefing is limited to the record.
We are not persuaded that any harm resulted from the special prosecutor receiving the prosecutor's file without an in camera inspection at the post-conviction stage; the trial court's error in not conducting an incamera review of the file prior to transfer was harmless. Appellant's third assignment of error is without merit.
In appellant's fourth assignment of error, he argues that the trial court erred in denying discovery. Discovery in post-conviction claims is within the discretion of the trial court. State v. Sherills (Jan. 16, 1992), Cuyahoga App. No. 61882, unreported. When a petition for post-conviction relief is properly dismissed without hearing, the issue of discovery is moot. Id. Appellant did not demonstrate grounds for relief. Because he did not, the trial court's denial of discovery in the instant case was not an abuse of discretion; appellant's fourth assignment of error is without merit.
In appellant's fifth assignment of error, he argues that the trial court erred in granting the state's motion for summary judgment. There is no evidence to support appellant's contention that the trial court granted summary judgment; the record reveals that the court sua sponte
analyzed the petition and determined that it lacked substantive grounds for relief.
"It is well settled that, regardless of whether or not the state responds to a petition for post-conviction relief, R.C. 2953.21(C) requires the court to sua sponte analyze the petition." Wiles,126 Ohio App.3d at 78. "Under R.C. 2953.21(C), the court is required to review the petition, supporting materials, if any, and the files and records of the cause in order to determine if there are `substantive grounds for relief.' If there are such grounds, the court should proceed to a hearing on the petition under R.C. 2953.21(E). However, an evidentiary hearing is not automatically required." State v Clark, (Apr. 17, 1998), Portage App. Nos. 96-P-0257, 96-P-0258, unreported; citing State ex rel.Giles v. Portage County Court of Common Pleas (Feb. 4, 1994), Portage App. No. 93-P-0109, unreported. "If the petition, supporting materials, if any, and/or the files and records of the cause do not state substantive grounds for relief, the court may summarily dismiss the petition." Id., citing State v. Perry, (Dec. 5, 1997), Trumbull App. No. 96-T-5597, unreported; State v. Hill (June 16, 1995), Trumbull App. No. 94-T-5116, unreported.
We find that the trial court, after its R.C. 2953.21(C) review, dismissed appellant's post-conviction petition because it lacked substantive grounds, not because there were no genuine issues as to a material fact so that the moving party was entitled to judgment as a matter of law, as set forth in Ohio Civ.R. 56(C). Appellant's fifth assignment of error is without merit.
In his sixth assignment of error, appellant contends that the court's determination that each of his twenty-two claims for relief lacked merit was improper. In his first claim for relief, appellant argues that electrocution is cruel and unusual punishment. Appellant raised the issue of cruel and unusual punishment on his direct appeal. State v.Wiles (1991), 59 Ohio St.3d 71, 93, This claim is now barred by resjudicata. Additionally, the Supreme Court of Ohio has consistently held that execution by electrocution is not cruel and unusual punishment.State v. Carter (2000) 89 Ohio St.3d 593, 608, 734 N.E.2d 345.
In his second claim for relief, appellant contends that a conflict arose in 1989 when his former trial counsel, James Aylward, joined the Portage County Prosecutor's office, the office that prosecuted appellant's direct appeal to the Ohio Supreme Court. Errors that amount to violations of an appellant's constitutional rights that could have been raised for the first time before the Supreme Court on direct appeal, must be raised in the Supreme Court and may not be asserted in a petition for post-conviction relief. State v. Roberts (1982),1 Ohio St.3d 36, 437 N.E.2d 598, syllabus.
The crux of appellant's third, fourth, fifth[2], ninth and tenth claims for relief are claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, the defendant must prove that counsel's performance fell below an objective standard of reasonable representation and, in addition, that he was prejudiced by counsel's performance. State v. Bradley (1989) 42 Ohio St.3d 136,538 N.E.2d 373, paragraph two of the syllabus. A defendant demonstrates prejudice resulting from counsel's deficient performance by demonstrating a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Id. at paragraph three of the syllabus; Strickland v. Washington (1984) 466 U.S. 668,104 S.Ct. 2052.
Appellant has failed to demonstrate ineffective assistance of his trial counsel at the guilt or penalty phases. Appellant's brief merely states the standard for ineffective assistance without establishing how it was met in this case. Appellant attempts to establish his claims through an affidavit by Attorney Kreig J. Brusnahan ("Brusnahan") which contains conclusions made based upon his review of the record. Brusnahan's affidavit does not meet the requirements set forth in Bradley, supra, andStrickland v. Washington, 466 U.S. 197 (1993).
Appellant has not established how counsel's decisions not to call additional mitigation witnesses constituted performance below a reasonable standard and he is unable to demonstrate with a reasonable probability that the result at trial would have been different had any of these people been called. Appellant's third, fourth, fifth, ninth, and tenth claims for relief are without merit.
We further find that the third, fourth, and fifth claims for relief, as originally set forth in appellant's petition for post-conviction relief filed on September 20, 1996, which were not presented before this court, are now barred by res judicata.
 In his sixth and seventh claims for relief, appellant argues that the death penalty is disproportionately meted out to minorities, especially African-Americans. Appellant supports this claim with nothing more than statistical evidence. The United States Supreme Court held that statistical evidence is insufficient to support an inference of racial discrimination in a capital case. McClesky v. Kemp, (1987) 481 U.S. 279, 297. Appellant does not offer any evidence of discriminatory intent in the state's decision to seek the death penalty. State v. Keene
(1998), 81 Ohio St.3d 646, 652; State v. Steffen
(1987) 31 Ohio St.3d 111, 124, 509 N.E.2d 383.
 In his eighth claim for relief, appellant argues that his convictions are voidable due to prosecutorial misconduct in releasing information to the press. Appellant failed to attach any evidence to substantiate these allegations; the file does not contain any evidence to support the appellant's accusation.
When a petitioner alleges facts which, if proven, would entitle him to relief, but the files and record negate the existence of facts sufficient to entitle the petitioner to relief, the court may summarily dismiss the petition, specifying the portions of the files and record which negate those facts. State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph three of the syllabus. The file in its entirety does not support, and therefore negates, the allegations by the appellant; appellant's eighth claim for relief is without merit.
Appellant's eleventh claim for relief is barred by res judicata. Appellant could have raised on direct appeal the argument that his trial counsel was deficient during the jury waiver process and that the trial court erred in not having the waiver on the record, on direct appeal. Additionally, appellant's failure to demonstrate, with a reasonable probability, that the outcome of his trial would have been different prohibits him from successfully raising a claim of ineffective assistance of counsel on this issue.
In appellant's twelfth claim for relief, he argues that the Honorable Judge Joseph R. Kainrad, a member of the three-judge panel, "did not understand the weighing process." The Ohio Supreme Court found that the trial court had performed the weighing function. State v. Wiles
(1991), 59 Ohio St.3d 71, 91. Thus, appellant's twelfth claim is barred by res judicata and without merit.
In appellant's thirteenth claim for relief, he argues that his appeal of right was tainted by the introduction of victim impact evidence to the Ohio Supreme Court. Claims of error in the appellate process cannot be raised in a petition for post-conviction relief. State v. Murnhahan
(1992), 63 Ohio St.3d 60, paragraph one of the syllabus.
Appellant argues that counsel's failure to object to the improper victim impact evidence, a letter from the victim's mother to Chief Justice Moyer, and failure to move for recusal of the judges after considering the evidence, constituted ineffective assistance of counsel. Appellant has failed to demonstrate that counsel's actions were below the standard of reasonable representation or that the outcome would have been different and, thus, his thirteenth claim for relief is without merit.
In appellant's fourteenth claim for relief, he argues that the state courts did not afford him a fair proportionality review, pursuant to RC § 2929.05(A), beyond "mere lip service." Appellant raised this issue on direct appeal. State v Wiles, (1991), 59 Ohio St.3d 71 at 93, 95. This claim is now barred by res judicata and is without merit.
In appellant's fifteenth claim for relief, he argues that the admission of gruesome and inflammatory photographs constituted prejudicial error. This issue was raised on direct appeal and thus is res judicata. Wiles,59 Ohio St.3d 71 at 91. While trial counsel failed to object to the introduction of the photographs at trial, this error was harmless. Even if an objection had been made, the evidence would have been admitted because of its probative value as to intent. Appellant is unable to demonstrate that his counsel's performance fell below an objective standard of reasonable representation.
Appellant's sixteenth, seventeenth, and eighteenth claims for relief should have been raised at trial or on direct appeal and thus are barred by res judicata. State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. In appellant's sixteenth claim for relief he argues that it was error for the trial court to fail to grant a change of venue. In his seventeenth claim he argues that he was denied the right to a fair trial and sentencing as a result of prejudicial publicity, and in his eighteenth claim he argues that the prosecutor violated his right to effective assistance of counsel by denying access to and failing to disclose certain information and material in both the trial and sentencing phases.
 In appellant's nineteenth and twentieth claims for relief, he asserts claims that
the court erred in not granting his motions for acquittal pursuant to Ohio Crim.R. 29. On direct appeal, the issue of insufficient evidence was raised and rejected. Wiles, 59 Ohio St.3d 71 at 84-85. Thus, this claim is barred by res judicata.
In appellant's twenty-first claim for relief, he argues that he was prejudiced by having to wear shackles during his trial before the three judge panel. This claim could have been raised upon direct appeal; resjudicata bars this claim.
In appellant's twenty-second claim for relief, he asserts that his convictions are void or voidable because the errors alleged in his petition were cumulatively prejudicial. This argument is substantially the same as his eighth assignment of error, in which appellant argues that the cumulative error in this case merits a reversal or a remand for post-conviction process and therefore we will discuss these arguments together.
Review of the record shows that appellant has failed to establish errors or allege errors which are "outcome determinative." State v.Moreland (1990), 50 Ohio St.3d 58, 69, 552 N.E.2d 894, 905. We do not find error in the appellant's petition to void his convictions, nor do we find error in this case such as to merit a reversal or remand. Appellant's twenty-second claim for relief and eighth assignment of error are without merit.
Each of appellant's twenty-two claims for post-conviction relief are without merit; the trial court did not err in denying appellant's petition for post-conviction relief. For the foregoing reasons, the trial court did not improperly rely on the doctrine of res judicata. Appellant's second and sixth assignments of error are without merit.
In appellant's seventh assignment of error, he challenges the constitutionality of Ohio's post-conviction procedure as a corrective process. Appellant challenged the adequacy of Ohio's post-conviction procedure on appeal to this court in 1998. State v. Wiles,126 Ohio App.3d 71, 84. This claim is now barred by res judicata. Additionally, the Supreme Court has held that arguments challenging the constitutionality of Ohio's death penalty framework have been considered and rejected in State v. Jenkins (1984), 15 Ohio St.3d 164, 167-179,473 N.E.2d 264, 272-280. Appellant's seventh assignment of error is without merit.
Appellant's eight assignments of error are without merit. The decision of the Portage County Court of Common Pleas is affirmed
O'NEILL, P.J., CHRISTLEY, J., concur.
[1] Aylward was appellant's trial counsel.
[2] Appellant has changed the numbering of his third, fourth and fifth, claims for relief from his original petition. In his September 20, 1996 petition for post-conviction relief, his third claim for relief was that the state interfered with appellant's attempt to investigate and prepare his post-conviction petition. His fourth claim was ineffective assistance during sentencing. His fifth claim for relief was that his attorney was ineffective at the guilt and penalty phases because they failed to obtain the expert services of a clinical psychologist.