JOURNAL ENTRY and OPINION
{¶ 1} Appellant Willie Lee Jester appeals pro se from the trial court's denial of his petition for postconviction relief. He assigns the following five errors for our review:
 {¶ 2} "I. The trial court abused its discretion and committed prejudicial error in permitting the state to file an opposing memorandum to the claims raised by the appellant when the state failed to timely respond to the petition in accordance with Revised Code 2953.21(D)."
 {¶ 3} "II. The appellant has been denied due process of law in violation of the Fourteenth Amendment of the United States Constitution as the trial court improperly applied the doctrine of res judicata to appellant's claim of ineffective assistance of trial counsel."
 {¶ 4} "III. The trial court committed prejudicial error and violated the appellant's rights under the Fourteenth Amendment of the United States Constitution when the trial court failed to conduct an evidentiary hearing with respect to the appellant's petition for post conviction relief."
 {¶ 5} "IV. The prejudicial error committed by the trial court in failing to adjudicate the appellant's petition for post conviction relief has operated as a means to deny the appellant of his right under the Ohio and United States Constitutions as a state created impediment has deprived the appellant of due process of law."
 {¶ 6} "V. The appellant was denied due process of law when the trial court denied the appellant's motion to submit a supplemental or amended petition in violation of theFourteenth Amendment of the United States Constitution and contrary to current law."
 {¶ 7} Having reviewed the record and the legal arguments of the parties, we affirm the trial court's judgment. The apposite facts follow.
 {¶ 8} Jester was originally convicted of murder and aggravated robbery for shooting to death a bank security guard during a robbery. He was subsequently sentenced to death. Jester directly appealed to this court and we affirmed his conviction and sentence.[1] Jester appealed further to the Ohio Supreme Court, which also affirmed his conviction and sentence.[2]
 {¶ 9} On September 30, 1988, the State Public Defender filed a petition for postconviction relief on behalf of Jester. Prior to the court issuing a ruling, on January 10, 1991, then Governor Celeste commuted Jester's death sentence to life imprisonment.[3] The State Public Defender thereafter withdrew as counsel on the petition.
 {¶ 10} During this time, the trial court never ruled upon Jester's petition for postconviction relief as it was under the belief that Jester had voluntarily dismissed the petition after his death sentence had been commuted. On July 17, 2002, Jester filed a pro se writ of mandamus seeking to compel a ruling on the pending petition. The trial court refused to rule on the petition, finding that Jester had voluntarily dismissed the petition. Jester appealed the trial court's ruling to this court, and we found because no voluntary dismissal had actually been filed, the matter was never dismissed. We therefore remanded the matter to the trial court for a ruling.[4]
 {¶ 11} On remand, the trial court ordered Jester and the prosecutor to submit proposed findings of fact and conclusions of law. Thereafter, the trial court issued findings of fact and conclusions of law denying Jester's petition. Jester now appeals.
 {¶ 12} We will address Jester's third assigned error last for ease of discussion.
 {¶ 13} In his first assigned error, Jester argues the trial court erred by permitting the state to file proposed findings of fact and conclusions of law. He argues in conjunction that he should have been granted a default judgment because the state failed to file a response brief or object in any form to his petition for relief. Jester also takes issue with the trial court adopting the state's findings of fact and conclusions of law instead of writing its own.
 {¶ 14} Although the state did not respond to Jester's petition, it is not required to do so.[5] Furthermore, the defendant may not obtain a default judgment based on his petition for postconviction relief.[6] A defendant's remedy for the failure of the prosecutor to respond to a postconviction petition is to move for a ruling without the state's response.[7]
Summary judgment pursuant to R.C. 2953.21(D) is appropriate only if the right thereto appears on the face of the record.[8]
In the instant case, and as later discussed in our opinion, Jester was not entitled to judgment on the face of the record.
 {¶ 15} Jester also contends that the trial court abused its discretion by improperly delegating its duty to provide findings of fact and conclusions of law to the prosecutor. We disagree. Civ.R. 52 states that it is within the trial court's "discretion" to "require any or all of the parties to submit proposed findings of fact and conclusions of law." The trial court in the instant case ordered both parties to submit proposed findings of fact and conclusions of law.
 {¶ 16} Furthermore, although a trial court may adopt verbatim a party's proposed findings of fact and conclusions of law as its own if it has thoroughly read the document to ensure that it is completely accurate in fact and law,[9] the trial court in the instant case did not adopt the state's proposed findings verbatim. The trial court reached similar conclusions as the prosecutor, but the court performed its own legal research in developing its conclusions. Jester's first assigned error is overruled.
 {¶ 17} In his second assigned error, Jester argues the trial court improperly found that res judicata barred his ineffective assistance of trial counsel claims.
 {¶ 18} "Where a defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could have fairly been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief."[10]
 {¶ 19} Although Jester had the same counsel on his direct appeal to this court as he had at trial, he had different counsel when he appealed the judgment to the Ohio Supreme Court. The Ohio Supreme Court in State v. Roberts[11] held that "res judicata precludes a petitioner from asserting constitutional issues in a postconviction proceeding when petitioner failed to raise these issues in a motion to certify the record previously filed in this court and overruled."[12] In doing so, the court stressed that petitioners must raise constitutional claims "at the earliest possible opportunity."[13] The Court also held that it had appellate jurisdiction as a matter of right in cases from the court of appeals, which involve questions arising under the U.S. and Ohio Constitutions.[14]
 {¶ 20} Courts have subsequently applied State v. Roberts to cases in which the petitioner had the same counsel at trial and for his appeal to the appellate court, but different counsel when appealing to the Ohio Supreme Court. Those courts found that res judicata prevents the petitioner from raising ineffective assistance of trial counsel claims that could have been raised in a motion to certify to the Ohio Supreme Court.[15]
 {¶ 21} All of the deficiencies in counsel alleged by Jester were capable of being determined by reviewing the trial record. The allegations did not contain evidence dehors the record. Therefore, we conclude that res judicata prevents Jester from asserting claims regarding ineffective assistance of trial counsel that could have been raised in his motion to certify in his direct appeal to the Ohio Supreme Court. Accordingly, Jester's second assigned error is overruled.
 {¶ 22} In his fourth assigned error, Jester contends the trial court erred by finding his claim for ineffective assistance of appellate counsel was not properly raised in a petition for postconviction relief.
 {¶ 23} We agree with the trial court. Allegations of ineffective assistance of appellate counsel are not properly raised in a petition for postconviction relief.[16] Such arguments may be raised in an App.R. 26(B) application for reopening or in a direct appeal to the Supreme Court pursuant to Section 2(B)(2)(a)(iii), Article IV of the Ohio Constitution.[17] Therefore, Jester has not employed the proper vehicle to raise this argument. Accordingly, Jester's fourth assigned error is overruled.
 {¶ 24} In his fifth assigned error, Jester claims the trial court erred by not permitting him to file a supplemental petition in which he sought to challenge the life sentence imposed. He claims he did not agree to serving "life with no parole eligibility" and that "life without parole eligibility" was not a valid sentence at the time it was entered.
 {¶ 25} Am.Sub. S.B. 4 ("S.B. 4"), effective September 21, 1995, amended Ohio's postconviction relief statute. S.B. 4 was codified in R.C. 2953.21. Prior to this amendment, the statute allowed the petitioner to file a postconviction petition "at any time" after his conviction. R.C. 2953.21(A)(2), as amended, now imposes certain time requirements for filing postconviction petitions.
 {¶ 26} R.C. 2953.21(A)(2) requires a petition to be "filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 27} S.B. 4 also expressly stated that the amended deadline would apply to persons convicted before its effective date. S.B. 4, Section 3 contains a provision which extends the time limit for filing postconviction petitions for defendants convicted prior to September 21, 1995. Section 3 states:
 {¶ 28} "A person who seeks postconviction relief pursuant to Sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."
 {¶ 29} We find that S.B. 4, Section 3, and amended R.C.2953.21(A)(2) are applicable to Jester as he was convicted on July 1, 1984, prior to the effective date of S.B. 4.[18]
Under the above sections, Jester was required to file his supplemental petition for postconviction relief by September 21, 1996, one year after the effective date of S.B. 4.[19]
However, the record reflects that Jester did not file his motion to supplement the petition until March 19, 2003, long after the expiration of this statutory deadline.
 {¶ 30} Even though defendant's petition was untimely filed, the trial court could still entertain the petition under limited circumstances. Pursuant to R.C. 2953.23, the trial court may entertain a postconviction petition filed after the expiration of the deadlines set forth in R.C. 2953.21(A) if both of the following apply:
 {¶ 31} "(1) Either of the following applies:
 {¶ 32} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 33} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.
 {¶ 34} (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 35} Unless both of the above exceptions apply, the trial court has no jurisdiction to consider an untimely filed petition for postconviction relief.[20] We find that Jester failed to assert any of the above exceptions. Therefore, the trial court lacked jurisdiction to consider the supplemental petition. Accordingly, Jester's fifth assigned error is overruled.
 {¶ 36} In his third assigned error, Jester argues the trial court erred by failing to conduct an evidentiary hearing with respect to his petition. Jester argues he was entitled to a hearing because it took the trial court 15 years to rule on his petition, the judge was unfamiliar with the case because the original judge was no longer available, and affidavits by the jury created credibility issues.
 {¶ 37} A criminal defendant is not automatically entitled to a hearing on his petition for postconviction relief.[21] A hearing will be granted only if there are substantive grounds for relief set forth in the petition, or contained in the supporting affidavits, files and records of the case.[22] A trial court may dismiss a petition for postconviction relief without a hearing if the petition and its supporting evidentiary documents fail to establish any substantive grounds for relief.[23]
In the instant case, Jester failed to establish grounds for relief in his petition.
 {¶ 38} Jester claims the jurors engaged in misconduct. In support of this argument, he attached affidavits of six of the jurors and one alternate juror, in which they admitted to reenacting the shooting in order to determine whether Jester intended to shoot the victim in the heart or the arm. Jester claims this experiment performed by the jurors violated his right to confrontation.
 {¶ 39} However, a "firmly established common-law rule * * * flatly prohibits the admission of juror testimony to impeach a jury verdict."[24] Reflecting that principle, Evid.R. 606(B) restricts a juror's competence to testify about "any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him" with respect to the verdict "or concerning his mental processes in connection therewith."
 {¶ 40} Here, by submitting the affidavits, Jester "seeks to introduce juror statements about the deliberative process," and "this is precisely what Evid.R. 606 prohibits."[25]
"Long-recognized and very substantial concerns support the protection of jury deliberations from intrusive inquiry."[26] That principle "protects the privacy of a jury's deliberations from inquiry and promotes the finality of jury verdicts."[27] Exceptions exist when an "extraneous influence" is involved.[28] Thus, under Evid.R. 606(B), a juror can testify about a threat, bribe, or attempted threat or bribe, or improprieties by a court officer.[29] However, the affidavits in the instant case do not set forth such allegations.
 {¶ 41} Jester's argument that the trial court erred in instructing the jury and that Jester's mental exam to determine competency to stand trial was incomplete could have been raised on direct appeal because they are errors that could be determined from reviewing the record. An alleged constitutional error that could have been raised and fully litigated on direct appeal is barred by res judicata and cannot be litigated in the postconviction proceeding.[30] Therefore, res judicata bars Jester from raising these issues in his petition for postconviction relief.
 {¶ 42} The argument Jester raised regarding errors committed during the mitigation phase of his trial are, of course, moot because he no longer is subject to the death penalty.
 {¶ 43} Finally, as we discussed regarding the above assigned errors, we find his arguments that his trial and appellate counsel were ineffective to be without merit. Therefore, Jester failed to present substantive grounds for relief on these issues which would require a hearing.
 {¶ 44} Accordingly, the trial court did not err by failing to conduct a hearing prior to denying Jester's petition for postconviction relief. Jester's third assigned error is overruled.
Judgment affirmed.
Cooney, J., and Rocco, J., concur.
[1] State v. Jester (Sept. 16, 1985), Cuyahoga App. No. 49065.
[2] State v. Jester (1987), 32 Ohio St.3d 147.
[3] Subsequently, Governor Celeste's successor, Governor Voinovich, contested the validity of the former Governor's commuting several inmates' sentences, including that of Willie Jester. However, the Ohio Supreme Court in State ex. rel. Maureret al. v. Sheward, Judge, et al., 71 Ohio St.3d 513,1994-Ohio-496, found that former Governor Celeste validly commuted the sentences.
[4] State v. Jester, Cuyahoga App. No. 81780, 2003-Ohio-658.
[5] State v. Skelnar (1999), 70 Ohio App.3d 444.
[6] State v. Roberts (1991), 66 Ohio App.3d 654, 656; Statev. Halliwell (1999), 134 Ohio App.3d 730, 736-37; State v.Williams (Nov. 24, 1993), Cuyahoga App. No. 64151.
[7] State ex rel. Manning v. Montgomery Pros. (1988),39 Ohio St.3d 140; State v. Skelnar, 71 Ohio App.3d at 447.
[8] State v. Skelnar, supra.
[9] State v. Combs (1994), 100 Ohio App.3d 90, 110.
[10] State v. Cole (1982), 2 Ohio St.3d 112, 113.
[11] (1982), 1 Ohio St.3d 36.
[12] Id. at syllabus.
[13] Id. at 39.
[14] Id.
[15] State v. Lechner (Mar. 29, 1996), 4th Dist. No. 95CA883; State v. Montgomery (Mar. 3, 1993), 6th Dist. No. L-86-395.
[16] State v. Murnahan (1992), 63 Ohio St.3d 60, paragraph one of the syllabus.
[17] Id. at paragraph two of the syllabus.
[18] See State v. Schulte (1997), 118 Ohio App.3d 184; Statev. Halliwell (July 29, 1999), Cuyahoga App. No. 75986.
[19] The trial court had jurisdiction to determine Jester's original petition, because it was filed in 1988, prior to the enactment of S.B. 4.
[20] State v. Corbin (Dec. 30, 1999), Cuyahoga App. No 75627;State v. Halliwell (July 29, 1999), Cuyahoga App. No. 75986;State v. Furcron (Feb. 17, 1999), Lorain App. No. 93CA007089;State v. Freeman (Dec. 10, 1998), Cuyahoga App. No. 73784-87.
[21] State v. Kinley (1999), 136 Ohio App.3d 1, 7.
[22] Id.
[23] State v. Perry (1967), 10 Ohio St.2d 175, 178.
[24] Tanner v. United States (1987), 483 U.S. 107, (refusing postverdict evidentiary hearing in which jurors would testify on juror misconduct despite juror claims of extensive drug and alcohol use by other jurors).
[25] Tasin v. SIFCO Industries, Inc. (1990),50 Ohio St.3d 102, 108.
[26] Tanner, 483 U.S. at 127.
[27] State v. Mason (1998), 82 Ohio St.3d 144, 167, citingState v. Adams (1943), 141 Ohio St. 423.
[28] Tanner, 483 U.S. at 117.
[29] Id.
[30] State v. Kinley, 136 Ohio App.3d at 7.