OPINION
{¶ 1} Defendant-appellant, Charles Allen, appeals the Judgment Entry of Sentence, rendered by the Lake County Court of Common Pleas, sentencing him to an aggregate prison term of twenty-three years for crimes more fully described below. For the reasons that follow, we affirm the decision of the lower court.
 {¶ 2} On May 6, 2003, Allen was charged, by way of "secret" indictment, with one count of Aggravated Robbery, a felony of the first degree in violation of R.C. 2911.01(A)(1), With Firearm Specification, pursuant to R.C. 2941.145; one *Page 2 
count of Aggravated Robbery, a felony of the first degree in violation of R.C. 2911.01(A)(3), With Firearm Specification, pursuant to R.C.2941.145; one count of Aggravated Burglary, a felony of the first degree in violation of R.C. 2911.11(A)(1), With Firearm Specification, pursuant to R.C. 2941.145; one count of Kidnapping, a felony of the first degree in violation of R.C. 2905.01(A)(2), With Firearm Specification, pursuant to R.C. 2941.145; one count of Felonious Assault, a felony of the second degree in violation of R.C. 2903.11(A)(2), With Firearm Specification, pursuant to R.C. 2941.145; one count of Conspiracy to Aggravated Robbery, a felony of the second degree in violation of R.C.2923.01(A)(1); one count of Conspiracy to Aggravated Burglary, a felony of the second degree in violation of R.C. 2923.01(A)(1); one count of Conspiracy to Kidnapping, a felony of the second degree in violation of R.C. 2923.01(A)(1); and one count of Aggravated Theft, a felony of the third degree in violation of R.C. 2913.02(A)(1), With Firearm Specification, pursuant to R.C. 2941.145.
 {¶ 3} On November 5, 2003, Allen entered a written plea of guilty to Aggravated Robbery (in violation of R.C. 2911.01(A)(1)), Aggravated Burglary, Kidnapping, and Felonious Assault, all offenses including a Firearm Specification. In the plea agreement, Allen acknowledged that he faced a potential prison sentence of three to ten years for Aggravated Robbery and Aggravated Burglary, a potential prison sentence of two to eight years for Kidnapping and Felonious Assault, and a three year prison term for the Firearm Specifications. Allen also acknowledged that, if the court chose to run his sentences consecutively, the maximum prison term would be thirty-nine years. *Page 3 
 {¶ 4} On January 29, 2004, the trial court sentenced Allen to ten years in prison for Aggravated Robbery, ten years in prison for Aggravated Burglary, eight years in prison for Kidnapping, and eight years in prison for Felonious Assault. The court ordered the sentences for Aggravated Burglary, Kidnapping, and Felonious Assault to be served concurrently with each other and consecutively with the sentence for Aggravated Robbery. The court also ordered Allen to serve an additional, consecutive three-year prison term for the Firearm Specification. Allen's aggregate sentence was twenty-three years of imprisonment.
 {¶ 5} Allen appealed the January 29, 2004 Judgment Entry of Sentence to this court on the grounds that the sentencing court engaged in impermissible judicial fact-finding in violation of his constitutional rights, under the authority of Apprendi v. New Jersey (2000),530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296. Allen's sentence was ultimately reversed under the authority of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, and his case was remanded for resentencing.In re Ohio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 313,2006-Ohio-2109, at ¶ 53, reversing State v. Allen, 11th Dist. No. 2004-L-038, 2005-Ohio-1415.
 {¶ 6} On June 30, 2006, the trial court again sentenced Allen to an aggregate prison term of twenty-three years as described above. Allen timely appeals and raises the following assignments of error.
 {¶ 7} "[1.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, maximum and consecutive prison term in violation of *Page 4 
the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
 {¶ 8} "[2.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, maximum and consecutive prison term in violation of defendant-appellant's right to due process.
 {¶ 9} "[3.] The trial court erred when it sentenced the defendant-appellant to a more-than-the minimum, maximum and consecutive prison term based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 10} "[4.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, maximum and consecutive prison terms contrary to the rule of lenity.
 {¶ 11} "[5.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, maximum and consecutive prison terms contrary to the intent of the Ohio Legislators."
 {¶ 12} In his first assignment of error, Allen argues that the retroactive application of Foster to his sentencing violates the Due Process and Ex Post Facto Clauses of the United States Constitution. We agree with Allen that, although "[t]he Ex Post Facto Clause, by its own terms, does not apply to the courts," Rogers v. Tennessee (2001),532 U.S. 451, 460, "if a judicial construction of a criminal statute is `unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' [the construction] must not be given retroactive effect." Id. at 457, citing Bouie v. Columbia (1964),378 U.S. 347, 354. *Page 5 
 {¶ 13} This court has previously considered and rejected the argument that the Ohio Supreme Court's decision in Foster is so "unexpected and indefensible by reference to [prior] law" that its retroactive effect is violative of the federal constitution. State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695, at ¶ 22 (the "Ohio Supreme Court's decision in Foster was neither unexpected nor indefensible by reference to prior law concerning the application of the Sixth Amendment to sentencing enhancements"); State v. Elswick, 2006-L-075,2006-Ohio-7011, at ¶ 30.
 {¶ 14} Allen's argument has also been consistently rejected by other Ohio appellate districts and federal courts. See State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899, at ¶ 17 (citation omitted);State v. Moore, 3rd Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 9 (citation omitted); United States v. Portillo-Quezada (C.A.10 2006),469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 15} The first assignment is without merit.
 {¶ 16} Under his second assignment of error, Allen raises additional arguments as to why the retroactive application of Foster is generally violative of due process principles. Allen argues that, in the absence of constitutionally impermissible judicial fact-finding, the only legally authorized sentence that could be imposed is the minimum sentence authorized by statute. We disagree. Upon Allen's conviction for his various crimes, he became subject to a range of punishments based on the degree of felony associated with each conviction. See R.C.2929.14(A). *Page 6 
 {¶ 17} Prior to Foster, a sentencing court's discretion to impose sentence within this range was restricted by the requirement that certain findings be made before a particular sentence, such as a maximum or a greater than minimum sentence, could be imposed.[1] The legally authorized range of Allen's sentence remains the same in the absence of the necessity of making additional findings. Gibson, 2006-Ohio-6899, at ¶ 17, citing State v. Smith, 2nd Dist. No. 21004, 2006-Ohio-4405 ("the remedial holding of Booker did not violate the ex post facto clause because the defendant had fair warning of the sentencing range at the time he committed his crimes"); Moore, 2006-Ohio-6860, at ¶ 9, citingState v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162 ("[t]he sentencing range for [appellant's] felony offense, which he had notice of prior to the commission of the crime, has remained unchanged by the application of Foster").
 {¶ 18} We also reject Allen's argument that he had no notice, actual or constructive, of the potential sentences he could receive. The plea agreements entered into and signed by Allen stated the potential range of sentences he was subject to under R.C. 2929.14(A).
 {¶ 19} Allen second assignment of error is without merit. *Page 7 
 {¶ 20} Under the third and fifth assignments of error, Allen argues that the Ohio Supreme Court, by severing the unconstitutional provisions of Ohio's felony sentencing law, violated the doctrine of separation of powers and arrived at a result contrary to the intention of Ohio's legislators. We disagree.
 {¶ 21} Both of these arguments have been previously rejected by this court. Elswick, 2006-Ohio-7011, at ¶ ¶ 32-39 (separation of powers) and ¶ ¶ 45-55 (legislative intent).
 {¶ 22} We further note that judicial review of statutes, rather than being contrary to the principles of separation of power, is "emphatically the province and duty of the judicial department."Marbury v. Madison (1803), 5 U.S. 137, 177; also, id. at 178 ("[I]f a law be in opposition to the constitution [and] if both the law and the constitution apply to a particular case * * * the constitution * * * must govern the case to which they both apply. Those then who controvert the principle that the constitution is to be considered, in court, as the paramount law, are reduced to the necessity of maintaining that courts must close their eyes on the constitution, and see only the law. This doctrine would subvert the very foundation of all written constitutions.").
 {¶ 23} The result in Foster may be contrary to the intent of Ohio's legislators. That fact, however, is not grounds for this court to disregard the Supreme Court's decision in Foster.
 {¶ 24} The second and fifth assignments of error are without merit.
 {¶ 25} Under the fourth assignment of error, Allen argues that the retroactive application of Foster violates the principles of lenity. This argument, *Page 8 
too, has been rejected by this court several times. Green,2006-Ohio-6695, at ¶ 24 ("the principle of lenity applies to the construction of ambiguous statutes, not to determinations of a statute's constitutionality or to the law regarding the retroactive effect of Supreme Court decisions"); Elswick, 2006-Ohio-7011, at ¶ ¶ 40-43. The fourth assignment of error is without merit.
 {¶ 26} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, sentencing Allen to an aggregate twenty-three years imprisonment for Aggravated Robbery With Firearm Specification, Aggravated Burglary With Firearm Specification, Kidnapping With Firearm Specification, and Felonious Assault With Firearm Specification, is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs,
COLLEEN MARY O'TOOLE, J., concurs in judgment only.
[1] The requirements for departing from the minimum presumptive sentence under Ohio's felony sentencing statutes were substantially less onerous than under the Florida law at issue in Miller v. Florida (1987),482 U.S. 423, relied upon by Allen. Under Florida's law, in order to depart from the presumptive range, "the sentencing judge would have to provide clear and convincing reasons in writing for the departure, on facts proved beyond a reasonable doubt." Id. at 432. In order to impose a more than minimum sentence under Ohio law, in contrast, the court only had make its findings on the record. R.C. 2929.14(B). It was not necessary that the court provide any reasons for these findings.State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, at syllabus. In order to impose consecutive sentences, the trial court had to provide reasons in support of its findings. R.C. 2929.14(C). There was no requirement that the court's reasons be based on facts proven beyond a reasonable doubt. *Page 1