BLUFORD et al., Appellees,

v.

WELLS FARGO FINANCIAL OHIO 1, INC., Appellant.

[Cite as *Bluford v. Wells Fargo Fin. Ohio 1, Inc.*, 176 Ohio App.3d 500, 2008-Ohio-686.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89491.

Decided Feb. 21, 2008.

Dworken & Bernstein Co., L.P.A., and Patrick J. Perotti; and Brian G. Ruschel, for appellees.

Thompson Hine, L.L.P., Chad D. Cooper, and Scott A. King, for appellant.

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} Appellant, Wells Fargo Financial Ohio 1, Inc. ("Wells Fargo"), brings this appeal of the trial court's denial of its motion to compel arbitration and stay or dismiss proceedings against appellees, Charles L. Bluford et al. ("Bluford"). After a thorough review of the record and for the reasons set forth below, we affirm.

{¶ 2} On July 8, 2002, Bluford[1] executed a note and security agreement with Wells Fargo for approximately $2,000. Bluford eventually paid off his loan in

1. Appellees compose a class of individuals, all similarly situated to Bluford, who had entered into consumer loan agreements with Wells Fargo.

full. Wells Fargo failed to file a statement of termination of financing, as prescribed by R.C. 1309.513, which states that termination statements must be filed within one month of the final payment of a loan. Under R.C. 1309.625, failure to file a termination statement within 30 days triggers a $500 penalty, to be paid to the consumer.

{¶ 3} On May 18, 2006, Bluford filed a class-action suit in the Cuyahoga County common pleas court, alleging that Wells Fargo violated R.C. 1309.513 by failing to file a termination statement within 30 days. Bluford represents a class of individuals who successfully paid off loans they had with Wells Fargo, but for whom Wells Fargo failed to file termination statements within 30 days. Appellees sought payment of the $500 penalty under R.C. 1309.625.

{¶ 4} Wells Fargo filed a motion to compel arbitration after appellees filed their complaint, asserting that the alleged dispute fell under the arbitration clause in the loan documents. The trial court denied Wells Fargo's motion to compel on several grounds: (1) the statutes are remedial, and arbitration conflicts with the remedial purpose of R.C. 1309.513[2] and 1309.625,[3] (2) a class action waiver is contrary to public policy and frustrates statutory intent, and (3) the arbitration provision is both procedurally and substantively unconscionable.

{¶ 5} On the note and security agreements Bluford signed, the following language appears directly above the signature lines: "**YOU ACKNOWLEDGE THE EXISTENCE OF A SEPARATE ARBITRATION AGREEMENT SIGNED CONCURRENTLY WITH THIS NOTE AND SECURITY AGREE-MENT, AND YOU SPECIFICALLY AGREE TO BE BOUND BY ITS TERMS.**"

{¶ 6} In a separate arbitration agreement, the following language appears:

{¶ 7} "The parties agree as follows:

{¶ 8} " * * *

---

2. {¶ a} R.C. 1309.513 states:

{¶ b} "(A) A secured party shall cause the secured party of record for a financing statement to file a termination statement for the financing statement * * *.

{¶ c} "(B) To comply with division (A) of this section, a secured party shall cause the secured party of record to file the termination statement:

{¶ d} "(1) Within one month after there is no obligation secured by the collateral covered by the financing statement and no commitment to make an advance, incur an obligation, or otherwise give value."

3. R.C. 1309.625 states: "(F) A debtor or consumer obligor may recover damages under division (B) of this section and, in addition, five hundred dollars in each case from a person who, without reasonable cause, fails to comply with a request under section 1309.210 of the Revised Code."

{¶ 9} "(5) LIMITATION OF RIGHTS: IF ARBITRATION IS ELECTED BY EITHER PARTY UNDER THIS AGREEMENT: (A) YOU WILL NOT HAVE THE RIGHT TO GO TO COURT OR TO HAVE A JURY TRIAL; (B) YOU WILL NOT HAVE THE RIGHT TO ENGAGE IN PRE–ARBITRATION DISCOVERY * * *; (C) YOU WILL NOT HAVE THE RIGHT TO HAVE ANY CLAIM ARBITRATED AS A CLASS ACTION* * *; (D) THE ARBI-TRATOR'S DECISION WILL BE FINAL AND BINDING WITH LIMITED RIGHTS TO APPEAL * * *.

{¶ 10} "**READ THIS ARBITRATION AGREEMENT CAREFULLY. IT LIMITS CERTAIN RIGHTS, INCLUDING YOUR RIGHT TO PURSUE A CLAIM IN COURT AND YOUR RIGHT TO A JURY TRIAL.**"

{¶ 11} In addition, the arbitration agreement includes language that limits the consumer's costs proceeding to arbitration to a maximum of $125. (Arbitration agreement, ¶ 2.) It specifies that arbitration will take place in the county of the consumer's choice. It further states that "[t]here shall be no authority for any claims to be arbitrated as a class action or consolidated with the claims of other persons." (Arbitration agreement, ¶ 2.)

{¶ 12} The arbitration agreement is signed by each consumer and Wells Fargo. Bluford signed the arbitration agreement at the same time he signed the note and security agreement for his loan. When Bluford had paid his loan in full, the note and security agreement was stamped "PAID–Thank You/Wells Fargo Financial." No termination statement was filed by Wells Fargo as required by R.C. 1309.513 and 1309.625.

{¶ 13} Wells Fargo raises two assignments of error for our review.

### Adoption of Findings of Fact and Conclusions of Law

{¶ 14} "I. The trial court erred in adopting, verbatim, the 20–page proposed findings of fact and conclusions of law submitted by advocates for a party to the lawsuit. See generally, Order and Decision, Findings of Fact and Conclusions of Law ('Order')."

{¶ 15} Wells Fargo argues that the court necessarily erred by adopting Bluford's proposed findings of fact and conclusions of law without changes or revisions. Wells Fargo suggests that the court could not have independently analyzed or reviewed the proposal, since no changes were made. We disagree.

{¶ 16} This court, in *Cangemi v. Cangemi,* Cuyahoga App. No. 86670, 2006-Ohio-2879, 2006 WL 1555461, relied on established Ohio law and stated, "A court may adopt verbatim a party's proposed findings of fact and conclusions of law as its own if it has thoroughly read the document to ensure that it is completely accurate in fact and law." Id. See *Adkins v. Adkins* (1988), 43 Ohio App.3d 95,

539 N.E.2d 686, citing *Paxton v. McGranahan* (App.1985), 25 OBR 352 (a trial court may adopt proposed findings and conclusions verbatim pursuant to Civ.R. 52); *State v. Jester*, Cuyahoga App. No. 83520, 2004-Ohio-3611, citing *State v. Combs* (1994), 100 Ohio App.3d 90, 110, 652 N.E.2d 205.

{¶ 17} In the absence of demonstrated prejudice, it is not erroneous for the trial court to adopt, in verbatim form, findings of fact and conclusions of law that are submitted by the state. *State v. Powell* (1993), 90 Ohio App.3d 260, 263, 629 N.E.2d 13; *State v. Sowell* (1991), 73 Ohio App.3d 672, 676, 598 N.E.2d 136; *State v. Peek* (Apr. 18, 1996), Cuyahoga App. No. 69546, 1996 WL 191751. When the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous. *United States v. Marine Bancorporation* (1974), 418 U.S. 602, 94 S.Ct. 2856, 41 L.Ed.2d 978; *United States v. El Paso Natural Gas Co.* (1964), 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12.

{¶ 18} Wells Fargo's mere assertion that the trial court's adoption of Bluford's findings demonstrates judicial impropriety is insufficient grounds for this court to reverse. Wells Fargo does not allege that any prejudice occurred; therefore, we overrule Wells Fargo's first assignment of error.

## Motion to Compel Arbitration

{¶ 19} "II. The trial court erred in overruling Defendant's Motion to Compel Arbitration and Stay or Dismiss Proceedings. See Order, at 21."

{¶ 20} Wells Fargo argues that the trial court erred in denying its motion to compel arbitration when both parties to the loan agreement had signed a separate, legally binding arbitration agreement. Specifically, Wells Fargo states that the arbitration agreement fell within the scope of the loan agreement, its class-action waiver was not against public policy, and it was neither procedurally nor substantively unconscionable.

{¶ 21} Appellate courts in this jurisdiction are split on the applicable standard of review regarding a trial court's decision on referrals to arbitration. "Several panels have held that [questions regarding] whether the parties have agreed to arbitrate is a question of law requiring de novo review, while others have held that the appropriate standard is whether the trial court abused its discretion in rendering its decision." *Shumaker v. Saks, Inc.*, 163 Ohio App.3d 173, 2005-Ohio-4391, 837 N.E.2d 393. Under either standard, we find that Bluford's claim does not fall within the arbitration agreement he signed.

{¶ 22} Wells Fargo's first argument is that the arbitration agreement controls Bluford's claim, invoking R.C. 1309.513 and 1309.625. It points to language in the arbitration agreement at paragraph 1, which states: "Any party covered by this

Agreement may elect to have any claim, dispute or controversy ("Claim") of any kind, (whether in contract, tort or otherwise) arising out of or relating to your Loan Agreement, or any prior or future dealings between us, resolved by binding arbitration." According to Wells Fargo, this provision requires that Bluford's claim be submitted to binding arbitration. Bluford argues that his claim does not arise out of or relate to his loan agreement.

{¶ 23} It is a well-established rule that any doubts regarding arbitrability should be resolved in favor of arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.* (1983), 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765. In addition, the United States Supreme Court has held that the Federal Arbitration Act preempts state laws and policies regarding arbitration. *Southland Corp. v. Keating* (1984), 465 U.S. 1, 10–11, 104 S.Ct. 852, 79 L.Ed.2d 1.

{¶ 24} State contract law, however, governs in determining whether the arbitration clause itself was validly obtained, provided that the contract law applied is general and not specific to arbitration clauses. *Doctor's Assocs. v. Casarotto* (1996), 517 U.S. 681, 686–687, 116 S.Ct. 1652, 134 L.Ed.2d 902; *First Options of Chicago, Inc. v. Kaplan* (1995), 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985; *Great Earth Cos. v. Simons* (C.A.6, 2002), 288 F.3d 878, 889.

{¶ 25} Before a court can refer a case to arbitration, it must first determine that a valid agreement to arbitrate exists. 9 U.S.C. 2; *Stout v. J.D. Byrider* (C.A.6, 2000), 228 F.3d 709. An arbitration agreement may be invalidated for the same reasons for which any contract may be invalidated, including forgery, unconscionability, and lack of consideration. *Doctor's Assocs. v. Casarotto,* supra. Ordinary state-law principles that govern the formation of contracts will apply to this analysis. *First Options of Chicago v. Kaplan,* supra. A proper method of analysis here is to ask whether an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement. *Ford v. NYLCare Health Plans of Gulf Coast, Inc.* (C.A.5, 1998), 141 F.3d 243, 250–251.

{¶ 26} "[I]t is basic law that a party cannot be required to arbitrate that which has not been agreed as a subject of arbitration." *Shumaker,* supra. This court held in *Shumaker* that a claim of unconscionable sales practice in violation of the Ohio Consumer Sales Practice Act was not related to plaintiff's credit card account with a department store; therefore, it was not subject to arbitration.

{¶ 27} In *Pinchot v. Charter One Bank, F.S.B.,* 99 Ohio St.3d 390, 2003-Ohio-4122, 792 N.E.2d 1105, the court held that filing a financing statement was not an integral part of the lending process, stating that recording a mortgage satisfaction "occurs after the debt is satisfied and the extension of credit extinguished. Such a recording requirement cannot even begin until the mortgage has already

been terminated. It does not center around the essential reasons lenders issue home loans [because] it has nothing to do with charging and collecting interest or any other lending or credit-related function. [In addition,] such a recording requirement cannot be realistically connected to lending practices or to the operations of savings associations because it has no concrete significance to whether and how loans are made. The mortgage is taken to secure the loan and filed to perfect the lien. When the loan is paid, the mortgage is satisfied, leaving a cloud on the title to the realty until the satisfaction is recorded." Id. at 398, 2003-Ohio-4122, 792 N.E.2d 1105.

{¶ 28} Wells Fargo relies on *Fazio v. Lehman Bros., Inc.* (C.A.6, 2003), 340 F.3d 386, for the proposition that but for the loan agreement, Bluford would not now be seeking a remedy under R.C. 1309.513 and 1309.625. We hold that the decision in *Fazio* "functions as a tool to determine a key question of arbitrability—whether the parties agreed to arbitrate the question at issue. It prevents the absurdity of an arbitration clause barring a party to the agreement from litigating any matter against the other party, regardless of how unrelated to the subject of the agreement. It allows courts to make determinations of arbitrability based upon the factual allegations in the complaint instead of on the legal theories presented. It also establishes that the existence of a contract between the parties does not mean that every dispute between the parties is arbitrable." *Academy of Medicine v. Aetna Health, Inc.* (2006), 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488.

{¶ 29} In this case, the loan agreement between Wells Fargo and Bluford was extinguished when the debt was paid in full. Despite the language in the arbitration agreement that it extends to disputes arising out of future dealings, we do not agree that it covers Bluford's claim under R.C. 1309.513 and 1309.625. Wells Fargo's statutory duty to file a termination statement is not related to the arbitration agreement that was part of the note and security agreement.

{¶ 30} Having determined that the present dispute between Bluford and Wells Fargo was not subject to arbitration, we do not need to address the issue of whether the class-action waiver was against public policy or whether the arbitration agreement was unconscionable.

{¶ 31} The trial court did not err in denying Wells Fargo's motion to compel arbitration and stay or dismiss proceedings; therefore, Wells Fargo's second assignment of error is overruled.

Judgment affirmed.

SWEENEY, A.J., concurs.

DYKE, J., concurs in judgment only.