JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Michael Hibbitt, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} According to the case, on July 21, 2006, Case Nos. CR-457134 and CR-463770 came on for resentencing pursuant to Case No. 86523, which was previously heard in this court. In the lower court case, Case No. CR-463770, appellant pled guilty to count one, felonious assault, R.C.2903.11, with a three-year firearm specification, R.C. 2941.145, and count three, having weapons under disability, R.C. 2923.13.
 {¶ 3} The court sentenced appellant on Case No. CR-463770 to three years on count one, the firearm specification, to be served prior to and consecutive to counts one and three; six years on count one, felonious assault; and three years on count three, having weapons under disability, to be served consecutive to count one. Therefore, the court sentenced appellant to an aggregate term of 12 years. Furthermore, this sentence was ordered to be served concurrent with the sentence in Case No. CR-475134, which appears below.
 {¶ 4} In Case No. CR-475134, the jury returned a verdict of guilty to count one, trafficking in crack cocaine, R.C. 2925.03, and count three, drug possession/crack cocaine, R.C. 2925.11, both felonies of the fifth degree. The court sentenced appellant to 11 months on count one and 11 months on count three, each *Page iii 
to run concurrent to each other and concurrent with Case No. CR-463770.
 {¶ 5} According to the facts, this case stems from an earlier case in which a jury found appellant guilty of drug trafficking and drug possession. The trial court originally sentenced appellant to 11 months in prison, to be served consecutively to the 12-year prison sentence the trial court imposed in another case after appellant pled guilty to felonious assault with a firearm specification and having a weapon under a disability. Appellant appealed his conviction and sentence to this court in Case No. 86523, and this case was affirmed in part, vacated in part, and remanded to the trial court for resentencing, consistent withState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Appellant was resentenced at the trial court and now appeals.
 II {¶ 6} Appellant's first assignment of error provides the following: "The trial court erred when it re-sentenced the defendant to a prison term beyond the minimum pursuant to the O.R.C. 2929 sentencing law as amended by Ohio v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856."
 {¶ 7} Appellant's second assignment of error provides the following: "The trial court erred by sentencing the defendant-appellant to more than the minimum prison terms based on the severance function performed by the Ohio Supreme Court in Foster which severance was a violation of the principle of separation of powers."
 III. *Page iv {¶ 8} Appellant argues in his first assignment of error that the trial court erred when it resentenced him. Specifically, appellant argues that his due process rights were violated by the ex post facto application ofState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 {¶ 9} We find the imposition of nonminimum and consecutive sentences imposed on appellant does not constitute error. After Foster, trial courts are "no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, supra, at p. 100. We have previously rejected the argument thatFoster does not apply to defendants who committed their crimes pre-Foster but were sentenced post-Foster, and also dismissed the claim that a defendant's due process rights were violated with an ex post facto application of Foster. See State v. Mallette, Cuyahoga App. No. 87894, 2007-Ohio-715, discretionary appeal not allowed,115 Ohio St.3d 1439, 2007-Ohio-5567, 875 N.E.2d 101.
 {¶ 10} This court has found that Foster does not violate ex post facto. Specifically, in State v. Mallette, supra, this court held:
 "Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." *Page v 
 {¶ 11} Accordingly, appellant's first assignment of error lacks merit and is overruled.
 {¶ 12} Appellant argues in his second assignment of error that the trial court erred in sentencing him to more than the minimum prison terms because the severance was a violation of the principle of separation of powers. We disagree.
 {¶ 13} We note that judicial review of statutes, rather than being contrary to the principles of separation of power, is "emphatically the province and duty of the judicial department." Marbury v. Madison
(1803), 5 U.S. 137, 177, 2 L.Ed. 60 ("[I]f a law be in opposition to the constitution [and] if both the law and the constitution apply to a particular case * * * the constitution * * * must govern the case to which they both apply. Those then who controvert the principle that the constitution is to be considered, in court, as the paramount law, are reduced to the necessity of maintaining that courts must close their eyes on the constitution, and see only the law. This doctrine would subvert the very foundation of all written constitutions"). Id. at 178.
 {¶ 14} Judicial review of statutes, rather than being contrary to the principles of separation of power, is emphatically the province and duty of the judicial department. State v. Allen, Lake App. No. 2006-L-167,2007-Ohio-774.
 {¶ 15} Foster does not violate Section 28, Article II, Ohio Constitution, or Section 10, Article I, United States Constitution. The principle of separation of *Page vi 
powers is embedded in the constitutional framework of Ohio's state government. The Ohio Constitution applies the principle in defining the nature and scope of powers designated to the three branches of the government. It is inherent in Ohio's theory of government that each of the three grand divisions of the government must be protected from the encroachments of the others so far that its integrity and independence may be preserved. State v. Elswick, Lake App. No. 2006-L-075, 2006-Ohio-7011.
 {¶ 16} Accordingly, the post-Foster sentencing statute applied by the trial court is not a violation of the doctrine of separation of powers. We find appellant's second assignment of error to be without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page vii 
ANTHONY O. CALABRESE, JR., PRESIDING JUDGE
 KENNETH A. ROCCO, J., and MELODY J. STEWART, J., CONCUR *Page 1