{¶ 13} I respectfully dissent from the decision reached by the majority. I would reverse the decision of the trial court and find that Coleman's statutorily based claim against American General is subject to the arbitration clause contained in the agreement between the parties. *Page 8 
 {¶ 14} The majority relies upon this court's recent decision inCharles L. Bluford, et al. v. Wells Fargo Fin. Ohio 1, Inc., Cuyahoga App. No. 89491, 2008-Ohio-686, which in turn relied upon Pinchot v.Charter One Bank, 99 Ohio St.3d 390, 2003-Ohio-4122, to support its position that because the lender's duty to file the UCC termination statement arose after the loan had been paid in full, the duty to release cannot be related to the arbitration clause in the loan agreement documents. The majority's reliance is unfounded. ThePinchot decision had nothing to do with the interpretation or applicability of arbitration clauses contained within loan agreements.Pinchot dealt solely with the issue of whether federal law preempts the state statute requiring the recording of a mortgage satisfaction. The court's finding that the recording function is not sufficiently integral to the lending process so as to subject the state statute to federal preemption should not be so broadly interpreted to find that the lender's duty to record can never be the subject of an arbitration agreement between the lender and borrower.
 {¶ 15} The Ohio Supreme Court has long recognized that in Ohio, the courts and the General Assembly favor arbitration to settle disputes. See ABM Farms v. Woods, 81 Ohio St.3d 498, 1998-Ohio-612. Recently, inAcademy of Med. v. Aetna Health, Inc., 108 Ohio St.3d 185,2006-Ohio-657, the Court reaffirmed this position and identified four rules for determining whether arbitration may be compelled. The fourth rule states that "where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that `an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that *Page 9 
the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" Id. at _14, quoting Council of Smaller Enterprises v. Gates,McDonald Co., 80 Ohio St.3d 661, 666, 1998-Ohio-172.
 {¶ 16} The terms of the financing agreement between Coleman and American General are spelled out in a document entitled "Federal Disclosures and Loan, Security, and Arbitration Agreement." This agreement includes a very broad arbitration provision in which the arbitration process, its costs, and the agreement's coverage are spelled out in great detail. The arbitration agreement specifically states that the provisions apply even if the loan has been paid in full, and further provides that disputes or claims arising under state statutes are covered by the agreement.
 {¶ 17} By following Bluford to find that Coleman's statutory claim falls outside of the arbitration agreement because it arises after the loan is paid, the majority decision misses a salient point. The loan and security agreement Coleman signed establishes that the loan is a secured transaction subject to Chapter 1309 of the Revised Code. Chapter 1309 sets forth the rights and duties of the parties to a secured transaction. American General's right to file a financing statement arose when the loan documents were signed. See R.C. 1309.509. Its corresponding duty to file a terminating statement arose when Coleman paid the loan in full. See R.C. 1309.513. Coleman's statutory claim is created by the secured transaction. *Page 10 
However, the right to claim damages for the failure to file the terminating statement did not, indeed could not, arise until after the loan was paid. See R.C. 1309.625.
 {¶ 18} Clearly the agreement at issue with its broad arbitration clause is, at a minimum, "susceptible of an interpretation" that covers Coleman's statutory claim. Coleman is bound by the express terms of the agreement he signed. He agreed that any claims he may have, including those arising after the loan was paid and those arising under statute, would be decided through arbitration. For these reasons, I would reverse the trial court's decision denying appellant's motion to compel arbitration. *Page 1