JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Morris Edwards appeals the consecutive sentence imposed by the trial court. He assigns the following error for our review: *Page 3 
 "I. Morris Edwards was denied his liberty without due process and his right not to be subjected to punishment in violation of the ex post facto clause of the United States Constitution by the imposition of consecutive sentences."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Edwards' sentence. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Edwards for one count of aggravated burglary and one count of robbery both with repeat violent offender specifications and notices of prior conviction. Edwards was also indicted for two counts of menacing by stalking.
 {¶ 4} The jury found Edwards guilty of all four counts. The trial court imposed a six-year sentence for the aggravated burglary count, a three-year sentence for the robbery count, and one-year sentence for the menacing by stalking count. The trial court ordered the sentences to be served consecutively, except for one count of the menacing by stalking, which resulted in a total of ten years in prison.
 {¶ 5} Edwards appealed his convictions and sentence to this court. On November 2, 2006, this court affirmed the convictions, but remanded the matter for resentencing[1] pursuant to the Ohio Supreme Court's decision in State v. Foster[2]
 {¶ 6} At the resentencing hearing, Edwards argued that Foster should not apply to his case because he committed the crimes prior to the decision in Foster. *Page 4 
The trial court found no merit to the argument and reimposed the consecutive sentence of ten years.
 Consecutive Sentence {¶ 7} In his sole assigned error, Edwards argues that the trial court erred when it resentenced him. Specifically, Edwards argues that his due process rights were violated by the ex post facto application ofState v. Foster[3]
 {¶ 8} This court has repeatedly held that applying the remedial holding in Foster to a criminal defendant does not violate his due process rights or ex post facto principles.[4] We follow these decisions and reject Edwards' argument. Accordingly, Edwards' first assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] State v. Edwards, Cuyahoga App. No. 87587, 2006-Ohio-5726.
[2] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[3] Id.
[4] See, State v. Mallette, Cuyahoga App. No. 87894, 2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439, 2007-Ohio-5567;State v. Humphrey, Cuyahoga App. No. 89476, 2008-Ohio-685; State v.Hibbitt, Cuyahoga App. Nos. 89497 89885, 2008-Ohio-680; State v.Dawson, Cuyahoga App. No. 88485, 2007-Ohio-2761 (where we cited all Ohio appellate courts that also reached the same conclusion); State v.Stokes, Cuyahoga App. No. 88939, 2007-Ohio-5063; State v.Velasquez, Cuyahoga App. No. 88748, 2007-Ohio-3913. *Page 1