[Cite as *Saffold v. Croom*, 2014-Ohio-3241.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 100806

---

## RODGER SAFFOLD, III, ET AL.

PLAINTIFF-APPELLEE

vs.

## MICHAEL J. CROOM, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-807277

**BEFORE:** E.A. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** July 24, 2014

**ATTORNEYS FOR APPELLANT**

Matthew J. Kucharson
Mitchell G. Blair
Calfee, Halter & Griswold, L.L.P.
1405 East Sixth Street
Cleveland, Ohio    44114


**ATTORNEYS FOR APPELLEES**

**For Rodger Saffold, III, et al.**

Randy J. Hart
Randy J. Hart, L.L.P.
23600 Commerce Park
Beachwood, Ohio    44122

A. Scott Fromson
32125 Solon Road
Solon, Ohio    44139

**For Reggie Cohen**

Kevin V. Rogers, Jr.
The Superior Building, 11th Floor
815 Superior Avenue East
Cleveland, Ohio    44114

**For Michael J. Croom**

Robert J. Zavesky
Berger & Zavesky Co., L.P.A.
614 W. Superior Avenue
Rockefeller Building, Suite 14
Cleveland, Ohio    44113


**For Desmond Cummings**

Desmond Cummings, pro se
65 Rolling Brooke Way
Northfield, Ohio   44067

EILEEN A. GALLAGHER, J.:

{¶1} Appellant Liberty Ford, Inc. ("Liberty") appeals the trial court's denial of its motion to stay the proceedings and compel arbitration or, in the alternative, to dismiss. For the following reasons, we reverse and remand.

{¶2} Appellee Rodger Saffold, III ("Saffold") has alleged the following relevant facts in this case: In January 2011, Saffold was the co-signer on a purchase of a motor vehicle from Liberty for his father. In connection with his co-signing, Liberty required Saffold to provide personal financial information for the purpose of establishing his creditworthiness. Saffold provided his personal financial information to Liberty solely in connection with the purchase of the vehicle.

{¶3} In October 2011, Michael J. Croom, an employee at Liberty, contacted Saffold through Saffold's father regarding an investment opportunity. After a number of calls, Saffold agreed to attend a meeting regarding the investment. The meeting occurred at Liberty and Saffold, through his father, was introduced to Reggie Cohen and Desmond Cummings, both employees of Liberty. Saffold, through an investment entity he established for the purpose of this transaction, agreed to invest in performances by various musical artists and comedians in locations throughout the United States. Despite investing more than $350,000, Saffold has yet to receive any share of the profits.

{¶4} Saffold filed suit against Liberty, Croom, Cohen and Cummings alleging that they engaged in a fraudulent scheme to deprive him of his investment.[1] Specifically, in regards to Liberty, Saffold has alleged fraud for the misrepresentation that the personal

financial information that he had provided would be kept confidential and would not be used outside the scope and purpose of the business transaction, i.e., the purchase of a motor vehicle. Saffold has also asserted a negligence claim against Liberty for failing to protect Saffold's personal financial information against use not associated with the purchase of a vehicle and for allowing its offices to be used for the purposes of the alleged fraudulent investment scheme.

**{¶5}** On November 18, 2013, Liberty filed a motion to stay proceedings and compel arbitration or dismiss. Liberty argued that the claims asserted against it clearly fall within the arbitration agreement executed in connection to the purchase of the vehicle. In particular, the arbitration agreement provides:

> Either you or Creditor ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Such Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this clause, or arbitrability of any issue; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

**{¶6}** The agreement defines "Claim" as "any claim, dispute, or controversy," and it provides that the contract is subject to the Federal Arbitration Act (9 U.S.C. 1 et seq.).

**{¶7}** On December 12, 2013, the trial court denied the motion to stay proceedings and compel arbitration or to dismiss. Liberty appeals, raising the following two assignments of error:

---

[1] Croom, Cohen and Cummings have not appealed the trial court's decision and are not affected by

1. The trial court erred in denying Defendant-Appellant Liberty Ford, Inc.'s Motion to Stay proceedings and compel arbitration or, in the alternative, to dismiss filed on November 18, 2013 because the claims alleged against Liberty in the first amended complaint fall within the scope of a valid and binding arbitration agreement.

2. The trial court erred in denying Liberty's November 2013 motion to stay and compel because any dispute as to whether the claims alleged against Liberty in the first amended complaint fall within the scope of the arbitration agreement should have been decided by an arbitrator, not by the trial court.

**{¶8}** We find the first assignment of error to be moot based on our resolution of the second assignment of error.

**{¶9}** In determining whether the trial court properly denied or granted a motion to compel arbitration, we must first determine the proper standard of review. When the question is whether a party has agreed to submit an issue to arbitration or questions of unconscionability are raised, we review the matter under a de novo standard of review. *Zilbert v. Proficio Mtge. Ventures, L.L.C.*, 8th Dist. Cuyahoga No. 100299, 2014-Ohio-1838, ¶ 8-9, citing *Shumaker v. Saks Inc.*, 163 Ohio App.3d 173, 2005-Ohio-4391, 837 N.E.2d 393 (8th Dist.); *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12.

**{¶10}** In the instant case, we apply a de novo standard of review because we are reviewing the trial court's decision to deny a motion to stay after finding that the claims are not subject to arbitration. "Under a de novo standard of review, we give no deference to a trial court's decision." *Brownlee v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212, ¶ 9, citing *Akron v. Frazier*, 142 Ohio App.3d 718, 721, 756 N.E.2d 1258 (9th Dist.2001).

**{¶11}** The arbitration agreement between Saffold and Liberty is subject to the Federal Arbitration

the outcome of this appeal.

Act ("FAA"). The FAA provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. 2. If a court determines that the cause of action is covered by an arbitration clause, it must stay the proceedings until the arbitration process is complete. 9 U.S.C. 3.

**{¶12}** In addition, the United States Supreme Court has held that the FAA preempts state laws and policies regarding arbitration. *Bluford v. Wells Fargo Fin.*, 176 Ohio App.3d 500, 2008-Ohio-680, 892 N.E.2d 920, ¶ 23 (8th Dist.), citing *Southland Corp. v. Keating*, 465 U.S. 1, 10-11, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).

**{¶13}** Liberty argues that the arbitrability of the claims asserted against it by Saffold in this case must be determined by an arbitrator instead of the trial court pursuant to the terms of the arbitration agreement. We agree. Resolution of the question of who decides arbitrability is to be determined by reference to what the parties agreed about the matter. *Reed Elsevier, Inc. v. Crockett*, S.D. Ohio No. 3:10cv248, 2012 U.S. Dist. LEXIS 23947, *15 (Feb. 24, 2012), citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). To determine whether the parties agreed to allow the arbitrator to decide the question of arbitrability, courts should apply state law principles of contract construction, while declining to assume that the parties agreed to arbitrate arbitrability, unless there is clear and unmistakable evidence that they did so. *Id.* at 16. The Supreme Court of Ohio has held that when parties to a contract have clearly and unmistakably vested the arbitrator with the authority to decide the issue of arbitrability, the question of whether a matter is arbitrable is to be decided by the arbitrator. *Blemont Cty. Sheriff v. Fraternal Order of Police*, 104 Ohio St.3d 568, 2004-Ohio-7106, 820

N.E.2d 918; *see also Park-Ohio Industries, Inc. v. Atwood Resources*, 8th Dist. Cuyahoga No. 58142, 1990 Ohio App. LEXIS 562 (Feb. 15, 1990).

**{¶14}** In the present case, the arbitrability agreement provides that the parties agree to submit to the arbitrator "claims" (broadly defined as "any claim, dispute or controversy") "regarding the interpretation, scope, or validity of this clause, or *arbitrability* of any issue."

**{¶15}** In this instance, the parties have clearly and unmistakably agreed that the arbitrator will have the authority to decide the issue of arbitrability. Therefore, Liberty's second assignment of error is sustained, the judgment of the trial court is reversed and the matter is remanded for further proceedings in accordance with this decision.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, J., CONCURS, and
FRANK D. CELEBREZZE, JR., P.J., CONCURS WITH SEPARATE OPINION

FRANK D. CELEBREZZE, JR., P.J., CONCURRING:

**{¶16}** I concur with the majority's resolution of this case, but write separately to further elucidate why the agreement limits the trial court's analysis on whether the matter is subject to arbitration and why a different decision may be reached with the codefendants.

**{¶17}** R.C. 2711.02(B) directs courts to stay a case pending arbitration "upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration * * *." Where the issue of whether a matter is subject to arbitration is governed by a clause in the agreement giving the arbitrator the power to determine that issue, it almost certainly means that the trial court should be satisfied that the case is referable to arbitration. However, where claims have no conceivable relationship to the contract — such as Saffold's claims against codefendants Croom, Cohen, and Cummings — the court's decision may be different than that reached for Liberty. The same is true under federal law given that 9 U.S.C. 3 contains substantially similar language to R.C. 2711.02(B) ("upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement").

**{¶18}** Where the contract that contains the arbitration provision clearly has no relationship to the claims in the case, a trial court cannot be satisfied that the case is referable to arbitration no matter if the arbitration provision contains a clause similar to the one in the present case. This is because the parties did not agree to submit such claims to arbitration and therefore did not agree to have an arbitrator determine the scope of the provision as it relates to claims that did not arise from the contract. *Tedeschi v. Atrium Ctrs., L.L.C.*, 8th Dist. Cuyahoga No. 97647, 2012-Ohio-2929, ¶ 15.

**{¶19}** Liberty argues for the application of federal law to this case given the agreement specifies that the FAA governs. Under federal law, courts have discretion to stay only those claims in a suit that are subject to arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20-21, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Where claims are separable, the court may choose to have parallel litigation commence simultaneously; some through arbitration and some litigated before the court. *Id.*; *Janmort Leasing, Inc. v. Econo-Car Internatl., Inc.*, 475 F.Supp. 1282, 1293 (E.D.N.Y.1979).

**{¶20}** In *Janmort*, the district court recited the factors that a court should consider when granting or denying a stay pending arbitration where some claims are subject to arbitration and others are not.

> [F]ederal courts have not hesitated to stay the litigation of nonarbitrable claims until the conclusion of arbitration, provided that economies of time and effort for court and parties can thereby be achieved and that "the party seeking the stay can demonstrate that he will not hinder the arbitration, that the arbitration will be concluded within a reasonable time; and that the delay will not work an undue hardship on the party opposing the stay."

*Id.* at 1293, quoting *Societe Nationale v. General Tire & Rubber Co.*, 430 F.Supp. 1332, 1334 (S.D.N.Y.1977).

**{¶21}** Analyzing the similarly worded R.C. 2711.02(B),[2] some Ohio courts have come to the conclusion that a stay of some claims pending arbitration means the entire action must

---

[2]R.C. 2711.02(B) provides, "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties *stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement*, provided the applicant for the stay is not in default in

be stayed. "In cases where some claims are exempt from arbitration and others are not, trial courts properly stay claims exempt from arbitration until the claims subject to arbitration are resolved." *Riggs v. Patriot Energy Partners, L.L.C.*, 7th Dist. Carroll No. 11 CA 877, 2014-Ohio-558, ¶ 3. *See also Cheney v. Sears, Roebuck & Co.*, 10th Dist. Franklin No. 04AP-1354, 2005-Ohio-3283, ¶12. However, one district court in Ohio has analyzed the issue and found:

Section 2711.02 has been interpreted to require the trial court "to stay an action if the issues involved fall under a valid, enforceable arbitration agreement." *Poling v. American Suzuki Motor Corp.*, 2001 Ohio App. LEXIS 4074 (Ohio App. 8th Dist. Sept. 13, 2001). However, that statutory provision does not mandate the issuance of a stay of proceedings for issues that are not subject to arbitration. *See, e.g., Kline v. Oak Ridge Builders, Inc.*, 102 Ohio App.3d 63, 656 N.E.2d 992 (Ohio App. 9th Dist. 1995) (reversing stay of proceedings and order of arbitration proceedings for claims against individual defendants who did not agree to arbitrate); *Owens Flooring Co. v. Hummel Constr. Co.*, 140 Ohio App.3d 825, 749 N.E.2d 782 (Ohio App. 11th Dist. 2001) ("Owens is not a party to the contract that contains the arbitration provision. In fact, Owens does not have any contract with Altercare. Therefore, Owens is not subject to the stay provisions of R.C. 2711.02."). Thus, the Court concludes that it is not required by § 2711.02 to stay Plaintiff's proceedings against KMC, on the ground that the claims against KRI and KRIC are subject to arbitration.

*Orcutt v. Kettering Radiologists, Inc.*, 199 F.Supp.2d 746, 757 (S.D.Ohio 2002).

{¶22} Under Ohio law, the trial court should have discretion to stay claims that are not subject to arbitration where they are presented with arbitrable claims following the factors

---

proceeding with arbitration." (Emphasis added.)

9 U.S.C. 3 provides, "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties *stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such

set forth above.  The intertwined factual allegations in the present case may make separate proceedings inequitable or impracticable, but the trial court should be able to make that determination based on the facts of each case.

---

arbitration."    (Emphasis added.)